IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>vs.<br><br>RONIN RISK USA, LLC, RONIN RISK CALIFORNIA, LLC, and MICHAEL C. PETTY, individually,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:08-CV-701 TS |

This matter is before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff represents the Department of Labor and seeks a judgment and damages under the Fair Labor Standards Act ("FLSA") for failure to pay overtime, failure to maintain accurate records, and unlawfully withholding overtime compensation. Jurisdiction is proper under 29 U.S.C. § 216(c)[1]

---

[1] "The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title . . ."

1

and § 217.² Defendants have not filed a Memorandum in Opposition. "Failure to respond timely to a motion may result in the court's granting the motion without further notice."³ The Court would note that Defendants have failed to respond, thus the Court may grant the motion without further notice. However, the Motion will be analyzed on its merits. For the reasons set forth below, the Motion will be granted.

## I. STANDARD OF REVIEW

Under FED.R.CIV.P. 56(c), summary judgment is appropriate when "the pleadings, the discovery . . . and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."⁴ The party opposing the motion cannot rest upon mere allegations and denials in the pleadings, but rather, must set forth specific facts showing that there is a genuine issue for trial.⁵ A genuine factual issue exists if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party.⁶ The factual dispute must be material under prevailing law.⁷

---

²"The district courts . . . shall have jurisdiction . . . to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . ."

³DUCivR 7-1(d).

⁴*Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986).

⁵*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

⁶*Id.* at 249-250 (citations omitted).

⁷*Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Services*, 165 F.3d 1321, 1329 (10th Cir. 1999).

To survive a motion for summary judgment, the non-moving party must do more than merely assert or conjure factual disputes.[8] When considering such a motion, the court views the facts in the record, and all reasonable inferences that can be drawn from the record, in the light most favorable to the non-moving party.[9]

If the non-moving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[10]

## II. DISCUSSION

Under the FLSA, Ronin Risk USA and Ronin Risk California are an enterprise and will be treated as one employer.[11] Section 203(r)(1) defines an enterprise as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units . . . ."[12] Defendants admit

---

[8]*Branson v. Price River Coal, Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988).

[9]*Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

[10]*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

[11]29 U.S.C. § 203(r)(1).

[12]*Id.*

3

that Ronin Risk USA and Ronin Risk California fit this definition.[13] Both entities are security guard service providers and they have a common owner and CEO in Defendant Petty.[14] Additionally, both entities share a common address.[15]

Defendant Petty is an "employer" under the FLSA. The statute defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ."[16] As the owner and CEO of both Ronin Risk USA and Ronin Risk California, Defendant Petty's interests would have been aligned very closely with those entities in relation to the employees. He would have benefitted from any profit the companies received from the employee's work, and he admitted to the Court that he was involved with the day-to-day management of both entities.[17] "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."[18] Therefore, Defendant Petty is jointly and severally liable for the same remedies as his companies.

---

[13] Answer to First Amended Complaint, Docket No. 13, p. 2 ¶ 5; *see also* Amended Complaint, Docket No. 5, pp. 2-3 ¶ III.

[14] Memo in Supp., Docket No. 28, p. 4 ¶ 3.

[15] *Id.* at 5 ¶ 5.

[16] 29 U.S.C. § 203(d).

[17] Memo in Supp., Docket No. 28, p. 2.

[18] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)).

Plaintiff alleged in its Amended Complaint that Defendant failed to pay overtime,[19] failed to maintain accurate records,[20] and unlawfully withheld overtime compensation.[21] Defendant admits all of these claims as to Defendants Ronin Risk USA and Ronin Risk California (collectively "Ronan Risk") but denies them as to Defendant Petty.[22] However, as already determined, Defendant Petty shares liability with Ronan Risk, and so, by admitting liability as to Ronan Risk, Defendant has also admitted to liability as to Defendant Petty.[23]

Jason Helme, an investigator with the Wage Hour Division of the Employment Standards Administration, U.S. Department of Labor ("Wage Hour") noted in his affidavit Defendants' assertion that their project managers, as distinguishable from the rank-and-file security guards, were not employees, but independent contractors.[24] If the project managers were independent contractors, then the FLSA would not apply to them and Defendants would be liable for fewer violations. However, Wage Hour determined that the project managers were employees and not independent contractors.[25] The Court agrees.

---

[19] Amended Complaint, Docket No. 5, p. 3 ¶ V.

[20] Amended Complaint, Docket No. 5, pp. 3-4 ¶ VI.

[21] Amended Complaint, Docket No. 5, p. 4 ¶ VII.

[22] Answer to First Amended Complaint, Docket No. 13, p. 3 ¶¶ 7-9.

[23] *Id. See also Patel*, 803 F.2d at 637-38 ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").

[24] Memo in Supp., Docket No. 28, Exhibit 2, Helme Aff. at ¶ 7.

[25] *Id.* at ¶ 9.

The project managers were paid more and had additional responsibilities, such as scheduling, supervising security guards, and ensuring the facilities were adequately guarded.[26] Wage Hour applied a six-part test generally applied when evaluating whether there is an employer/employee relationship.[27] In applying that test, five of the factors cut against a finding that the project managers were independent contractors.[28] The Court agrees with Wage Hour's finding. The project managers were employees and, as such, not exempt from the requirements of the FLSA.

The only remaining issue is the amount of back wages due to Defendants' employees. Defendants had an opportunity to engage in their discovery by replying to Plaintiff's Interrogatories and Requests for Production, but they failed to respond despite the Court's Order compelling the responses.[29] Wage Hour calculated the overtime wages due to Defendants' employees based on Defendants' time records.[30]

Wage Hour Investigator Tonya Labish stated in her affidavit that the "violations . . . were evident on the face of the records."[31] Labish properly took into account the statute of limitations, which bars collection of any back wages owed as of two years prior to the filing of the

---

[26]*Id.*

[27]*Id.*

[28]*Id.* at ¶¶ 9(a)-(f).

[29]Memo in Supp., Docket No. 28, p. 17. *See also* Order Granting Motion to Compel, Docket No. 20.

[30]Memo in Supp., Docket No. 28, pp. 6-8, ¶ 9.

[31]Memo in Supp., Docket No. 28, Exhibit 3, Labish Aff. at ¶ 4.

complaint.[32] This action decreased the back wage liability amount from $65,635.47 to $40,491.41.[33] Labish also calculated the overtime as hours worked in excess of 80 in a bi-weekly pay period which was more forgiving to Defendants than a calculation based on hours worked in excess of 40 in a weekly pay period.[34] After Labish calculated the number of hours a particular employee had worked in excess of 80 for a particular bi-weekly pay period, she then calculated the unpaid half-time required by FLSA based on the employee's rate of pay.[35]

Because this calculation seems reasonable and because Defendants have not disputed either Wage Hour's methods or its results, a judgment for the amount suggested by Wage Hour would not be inequitable.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 28) is GRANTED.[36] The Clerk of the Court is hereby directed to enter judgment in favor of Plaintiffs and against Defendants.

DATED March 24, 2010.

---

[32] *Id.*

[33] *Id.*

[34] *Id. See also* Memo in Supp., Docket No. 28, pp. 16-17.

[35] *Id.*

[36] Another consideration in this Court's decision to grant Plaintiff's Motion is Defendants' pattern of failing to respond. Defendant failed to respond to Plaintiff's Discovery Requests and the Court's Order Granting Plaintiff's Motion to Compel Discovery (Docket No. 20). Defendant failed to respond to an Order to Show Cause requiring defendants to respond and show cause for their failure to comply with the Court's order to notify the Clerk of the Court of the appointment of new counsel (Docket No. 26). In that Order, the Court warned Defendant that "failure to respond to this Order to Show Cause may result in the court striking defendants' answer to the complaint." Lastly, Defendants failed to respond to this Motion for Summary Judgment.

7

BY THE COURT:

$\qquad$
TED STEWART
United States District Judge